UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICKEY WAYNE GIPSON                   CIVIL ACTION NO. 11-cv-1954

VERSUS                                JUDGE STAGG

WARDEN, WINN CORRECTIONAL             MAGISTRATE JUDGE HORNSBY
CENTER

**REPORT AND RECOMMENDATION**

**Introduction**

Rickey Wayne Gipson ("Petitioner") shot his wife in the head. She survived. Bossier Parish officials charged Petitioner with attempted second-degree murder, which carried a maximum sentence of 50 years. Petitioner struck a plea bargain to plead guilty to attempted manslaughter, which carried a maximum sentence of 20 years.

There was no trial, so the factual record is sparse. The prosecutor recited a factual basis at the guilty plea hearing. He stated that Mrs. Gibson was at her place of employment in Bossier when Petitioner traveled there from his home in Shreveport. Petitioner engaged his wife in a heated confrontation or altercation. Mrs. Gibson had turned away from Petitioner to leave when Petitioner drew a .38 caliber revolver, grabbed Mrs. Gibson by her shirt, placed the gun to the side of her head, and fired one round. The bullet entered the victim's skull but did not exit. She survived with serious injuries. Petitioner fled, hid his car behind his residence, and hid the gun in a burn barrel in a nearby vacant lot. Petitioner was arrested and, after receiving his <u>Miranda</u> warnings, confessed to shooting his wife. Tr. 66.

Petitioner filed a timely post-conviction application in state court.  He also filed later untimely applications and a number of motions to correct sentence or otherwise attack his conviction and sentence.  This court directed Petitioner to file copies of his filings and the state court rulings to demonstrate that he had exhausted his state court remedies with respect to each claim presented in this court.  He filed 160 pages of material.  Doc. 18.  The State was directed to file a complete copy of the state court record.  The State filed more than 400 pages of materials.  Despite these submissions, it does not appear that the record before this court includes a transcript of the sentencing hearing (if one was ever made) or several of Petitioner's filings in the appellate court and Louisiana Supreme Court.

A complete record and a coherent explanation of the procedural steps taken in the state courts, complete with record citations, is critical to the court being able to properly resolve timeliness, procedural bar, and merits issues.  The record presented by the parties in this case makes the court's task difficult, but each of Petitioner's several claims must be addressed.  For the reasons that follow, it is recommended that his petition be denied.

**Ineffective Assistance of Counsel**

**A.  Summary of Claims; State Court Rulings**

Petitioner's first issue in his post-conviction application and federal habeas petition argues that trial counsel was ineffective because (1) he did not make use of information that might have avoided guilt, (2) he gave incorrect advice on the plea offer and did not mention that Petitioner would not be eligible for parole or good time, (3) he told Petitioner's brother and stepfather that Petitioner would have to serve only five to seven years if he accepted the

plea bargain, and (4) counsel did not properly challenge the contents of the pre-sentence report.

The State trial court issued a written opinion that acknowledged each of those claims, set forth the applicable legal standard, and rejected the claims based largely on the contents of the guilty plea transcript. Petitioner stated at that hearing that he had discussed the matter with his attorney, Randall Robinson, and was satisfied with his representation. Petitioner was asked if he understood "the penalties, minimum and maximum for the plea of guilty to attempted manslaughter is zero to twenty years?" Petitioner answered yes, as he did when asked if he understood his other Boykin rights and that "the sentence is up to the court." Petitioner denied that any promises had been made to induce him to enter the plea, and he said he was pleading guilty because he was guilty. Tr. 63-65.

The trial judge held that this record reflected that Petitioner voluntarily entered his plea knowing all of those circumstances, and the "record in no way reflects" that counsel was ineffective in connection with the representation. Tr. 151-55. The state appellate court summarily rejected a writ application, writing: "Based on the information submitted, the applicant has failed to meet his burden of proving the requested relief should be granted." Tr. 249. The Supreme Court of Louisiana denied writs without comment. Tr. 280.

**B. Petitioner's Burden**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). To show

prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).

Petitioner's claim was adjudicated on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold.  Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007).  The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it.  The federal court's review is thus "doubly deferential."  Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be."  Harrington v. Richter, 131 S.Ct. 770, 786 (2011).  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system.  Id.  Thus, "even a strong case for relief  does not mean the state court's contrary conclusion was unreasonable."  Id.

### C.  Analysis

Petitioner wrote in his post-conviction application that, at an early court appearance, he provided his attorney a written statement of facts that were somewhat different from those recited at the guilty plea.  Petitioner explained that there was a history of domestic violence with the couple, with the Petitioner obtaining a restraining order at one time, and multiple

incidents of physical violence and vandalism that Petitioner attributed to his wife.  He stated that his wife had threatened to come to his home at night and burn it while he slept. Petitioner said the shooting was the fault of his wife because she had a man at her work attack Petitioner, which caused Petitioner to fear for his life and pull the handgun and cock the trigger to discourage the attacker.  He told his attorney that it was during the struggle with the attacker that he "tried to hit his wife on the head with the gun and it accidentally discharged when [she] put up her arm to block the blow and hit defendant's hand."  Petitioner faults his counsel for not recommending that he pass on the plea offer and take the case to trial on the strength of that defense.

The record does suggest a history of domestic disagreements between Petitioner and his wife, but his unlikely story about the events at the scene of the crime, even if true, would not be believed by most reasonable persons.  In any event, there are no police reports or other evidence in the record to support such a scenario.  On the other hand, there is a reference to a confession by Petitioner and his clear admission of guilt to the stipulated facts at his guilty plea hearing.

A Strickland petitioner must overcome the limitations of Section 2254(d) "on the record that was before the state court."  Cullen v. Pinholster, 131 S.Ct. 1388 (2011).  The federal court may not hold a hearing to flesh out such a claim.  Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011).  Petitioner cannot show, on the record that was before the state court, that the state court's rejection of this claim on the merits was an unreasonable application of

<u>Strickland</u>.  Petitioner offered the court almost no supporting facts, and what was in the record undermined his allegations.

Petitioner alleges that counsel told him that if he accepted the plea bargain to attempted manslaughter there would be a 35-year cap, but counsel could perhaps get the judge and prosecutor to reduce the cap to 20 years.  Petitioner says that he therefore thought he was obtaining a bargain when, in fact, the maximum sentence all along was 20 years.  There is no evidence in the record to support this claim.  Petitioner acknowledged at the guilty plea hearing that his sentencing range was from zero to 20 years.

There is also no evidence to support the assertion that counsel did not discuss Petitioner's parole eligibility or ability to earn good-time credit.  There was no discussion of these matters at the guilty plea hearing, which was in accordance with what happens in most cases.  Eligibility for parole is determined by the Department of Corrections based on a lengthy and frequently changing statute that depends on the defendant's criminal history, the nature of particular crimes, and many other factors.  The ability to earn good-time credits is subject to similar factors.  Counsel often refuse to make any promises about eligibility for such matters because of the difficulty in predicting how the DOC will assess the issues.  In this case, Petitioner does not contend that counsel gave bad advice on these issues.  He merely faults counsel for not telling him that he would be ineligible.  There is no basis to determine that Petitioner, who was more than 50 years old, would have insisted on going to trial and face a 50 year sentence rather than the 20 year maximum sentence under the plea

bargain if only he had known he would be ineligible for parole or good time (which would also be true of his sentence if he were convicted of the greater offense).

Petitioner asserts that counsel told his brother and stepfather that Petitioner would have to serve only between five and seven years if he accepted the plea bargain.  Petitioner offered affidavits years later in the state court proceedings in which those two men made similar representations.  Petitioner did not, however, provide evidence that counsel made any such representations to him or that he relied on them when he accepted the plea bargain.  What Petitioner did say, under oath at his guilty plea hearing, was that no promises were made to him in exchange for his plea.  Once again, the state court record does not allow this court to say that the state court was objectively unreasonable in rejecting this claim.

Attorney Robinson was replaced later in the proceedings by attorney David Noles, who represented Petitioner at the sentencing.  Petitioner complains that the contents of the pre-sentence investigation report contained incorrect information about his criminal history.  He contends that a charge of simple battery was misattributed to him based on mistaken identity and was later cleared from his record.  He also complains that one of his listed arrests for aggravated assault was based on a false police report filed by his wife.  Petitioner did not develop state court record in a manner that would flesh out this claim.  There is no sentencing transcript, so it is unknown what weight the sentencing judge might have placed on this information.  It is also hard to fault counsel when the attorney for Petitioner in this case has explained in a filing (Doc. 24) that the PSI report in Bossier Parish is only made available for counsel to read in the judge's offices, sometimes only minutes before court, and no copy

is available for the defendant to review for error.  This record provides no basis to overturn the state court's rejection of this <u>Strickland</u> claim.

**Insufficient Evidence**

Petitioner claims that there was insufficient evidence to prove him guilty of attempted manslaughter.  There is no need for a typical sufficiency of the evidence review; Petitioner pleaded guilty and admitted that he committed the crime.  He complains about the lack of a preliminary hearing, charges his wife with lying to the police, and the like, but Petitioner waived his ability to challenge the weight of the State's evidence when he admitted his guilt.

**Excessive Sentence**

Petitioner complains that his sentence was excessive, but much of his argument under this heading is directed to counsel not meeting with him to discuss the PSI report and allowing an opportunity to correct mistakes in it.  To the extent this is another <u>Strickland</u> claim, it was addressed above.

Petitioner's excessive sentence argument in his post-conviction application (Tr. 99-102) was devoted primarily to arguing that state sentencing laws were misapplied, but federal habeas corpus relief does not apply for mere errors of state law.  <u>Estelle v. McGuire</u>, 112 S.Ct. 475, 479-80 (1991); <u>Brown v. Warden</u>, 2014 WL 4302558, *3 (W.D. La. 2014) (rejecting excessive sentence claim that was based solely on state law).  To the extent one might find that Petitioner has exhausted and presented a federal constitutional claim regarding his sentencing, it lacks merit.  The Court in <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166 (2003) reviewed its decisions and rejected an excessive-sentence habeas attack on two

consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions, capped by felony petty-theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief because it was not contrary to or an unreasonable application of clearly established gross disproportionality principle set forth in Supreme Court holdings. The Court admitted that its precedents in the area were not clear, which makes it quite difficult to obtain habeas relief under the deferential Section 2254(d) standard. Petitioner in this case put a pistol to a woman's head and fired it. It is miraculous that she survived. His mere 20-year sentence for such a horrific crime, that would have netted a natural life sentence if the victim died, does not come close to offending the Constitution even if Petitioner had a clean criminal history before that day.

**Remaining Claims**

### A. Introduction

Petitioner filed additional post-conviction applications in the state court, as well as a number of motions, which primarily argued variations of the claims discussed above. They were all rejected, primarily because they were procedurally improper under state law, particularly the two-year limit on filing post-conviction applications. La. C. Cr. P. art. 930.8. See, e.g., Tr. 279. Petitioner outlined some of those proceedings in Doc. 21. This court generously characterized all of Petitioner's possible claims when it ordered an answer in this case. Doc. 26. But the court need address only those claims that were fairly presented in a federal habeas petition.

**B. First Amended Petition**

Petitioner filed two amendments to his federal petition.  The first amended petition (Doc. 8) argues that the enforcement of Petitioner's sentence is contrary to <u>Boykin</u> and <u>Santobello v. New York</u>, 92 S.Ct. 495 (1971) "insofar I was told by counsel that if I pled guilty I would receive a sentence between 5 to 7 years without being multiple billed" under the Louisiana multiple offender statute.  This is simply another twist on the argument addressed above.  There is no evidence in the state court record that counsel or the court told Petitioner that he would receive a sentence between five and seven years.  The trial judge told Petitioner that the sentence would range between zero and 20 years and would be up to the court.  The affidavits filed by Petitioner were also contrary to this allegation.  The brother and stepfather testify that they were told Petitioner would only have "to do" five to seven years if he took the plea bargain; they did not say that the sentence would be for that term. Petitioner must meet his heavy burden to overturn the state court's rejection of this claim based on the material in the state court record, and he cannot do so.

The first amended petition also asserts that the sentence is contrary to <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012) because "I accepted yet the State breached the deal" which Petitioner alleges exists.  <u>Frye</u> held that defense counsel has the duty to communicate to his client formal plea offers from the prosecution that may be favorable to the accused.  There is absolutely no evidence of such an offer being made and not communicated.  Petitioner apparently misunderstands the holding in <u>Frye</u>.  There is also no evidence of any deal or plea bargain beyond the terms cited at the guilty plea hearing.

### C. Second Amended Petition

Petitioner also filed a second amended petition (Doc. 15) in which he asserted more of the same.  He argued this his sentence was excessive because it was based in part on a criminal history not properly attributed to him, his plea was not voluntary because counsel did not develop the self-defense or negligent injury defense supported by his version of the facts, and the sentence violated a "sentencing agreement of 5-7 years."  These repetitive claims fail for the same reasons stated above.

Petitioner also argued in the second amended petition that the trial court did not explain to him the nature and elements of the crime, contrary to Henderson v. Morgan, 96 S.Ct. 2253 (1976).  When specific intent to kill is an element of the crime, either the court or counsel must explain that requirement.  Id.  It is appropriate to presume that defense counsel has explained the nature of the offense in sufficient detail. If the record contains an explanation of the charge by the trial judge or a representation by defense counsel that the nature of the offense has been explained, the requirement is satisfied.  Henderson, 96 S.Ct. at 2258.

There was no discussion of the elements of the crime at the guilty plea hearing, but Petitioner did represent that he had "discussed this matter" with his attorney.  Petitioner claims that he first asserted a Henderson claim in one of his later filings in the state court, and it was rejected pursuant to the timeliness bar of La. C. Cr. P. art. 930.8.  He argues that the article does not apply, but he does not explain why.

The Fifth Circuit has recognized Article 930.8 as an independent and adequate State ground that provides a procedural bar to habeas review.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997).  A procedural default may be excused only upon a showing of "cause" and "prejudice" or that application of the doctrine will result in a "fundamental miscarriage of justice."  Coleman v. Thompson, 111 S.Ct. at 2564 (1986).  The "cause" standard requires the petitioner to show that some objective factor external to the defense impeded his efforts to raise the claim in state court.  Murray v. Carrier, 106 S.Ct. 2639 (1986).  As for prejudice, a "showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial."  Murray, 106 S.Ct. at 2648.

Petitioner was given the opportunity to show cause and prejudice in an effort to overcome the procedural bar, but neither his pro se submission nor the filing by counsel offered any reason this claim could not have been brought on a timely basis in the original post-conviction application.  There was no "objective factor external to the defense" that prevented Petitioner from asserting the claim.  He possessed all facts necessary to do so, but he simply did not do so, and the claim is now procedurally barred.[1]  No other claims are fairly presented by the federal petition as amended.

---

[1] Petitioner invokes Martinez v. Ryan, 132 S.Ct. 1309, 1315 (2012). That decision held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." The lack of counsel in post-conviction proceedings does not, however, overcome procedural defaults of other types of claims, such as the Henderson claim that was defaulted here.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of February, 2015.

Mark L. Hornsby
U.S. Magistrate Judge