UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RICKEY WAYNE GIPSON | CIVIL ACTION NO. 11-cv-1954 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WARDEN, WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE MARK HORNSBY |

## ORDER

Before the Court is Plaintiff's August 25, 2017 "request for relief from judgment." [Record Document 38]. Plaintiff filed a petition for a writ of habeas corpus in 2011. [Record Document 1]. The Magistrate recommended that it be denied, and Plaintiff timely objected to the Magistrate's recommendations. [Record Documents 29, 30, and 32]. The Court's judgment of March 4, 2015 adopted the Report and Recommendation and denied Plaintiff's petition. [Record Document 34]. On July 8, 2016, Plaintiff made an untimely motion to amend his objections, seeking to introduce the transcript of his state court sentencing hearing. [Record Document 35]. On July 13, 2016, the Court denied Plaintiff's motion because judgment had been issued and the case closed. [Record Document 36]. Now, nearly fourteen months later, Plaintiff seeks relief from judgment on grounds of fraud.

A motion for relief from judgment on grounds of mistake, newly discovered evidence, fraud, or misconduct must be filed within one year of the entry of the challenged judgment. Fed. R. Civ. P. 60(c)(1). As over two years have passed since the Court entered judgment, Plaintiff's motion is untimely.

Even were the Court to find that Plaintiff's motion could be granted on other grounds, filing must still occur within a "reasonable time." *Id.* Plaintiff's central piece of evidentiary support for the

1

instant motion is a transcript from his state court sentencing hearing. [Record Documents 38 at 3–5 and 38-1]. Plaintiff used this same transcript to support his untimely motion to amend his objections. [Record Document 35-1]. Therefore, Plaintiff possessed this document for over a year before filing the instant motion. He has thus failed to act within a reasonable time. Plaintiff also argues that he "has obtained some of the erroneous/false criminal history of Ricky Gipson" and attaches some documents to that effect to his motion, but does not indicate when he acquired these documents. [Record Document 38 at 5]. The Court thus cannot find that he has made his motion within a reasonable time.

Finally, to the extent that Plaintiff's request can be considered a motion to alter the judgment, it is likewise untimely as such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The judgment from which Plaintiff seeks relief was entered more than two years ago.

Even if this Court were to find Plaintiff's request timely, his motion would fail on substantive grounds. To the extent that Plaintiff argues that the state court misapplied state law, as the Magistrate Judge has already explained, mere errors of state law are not grounds for federal habeas relief. [Record Document 29 at 8].

Similarly, although it appears from the sentencing hearing transcript that the state court did consider crimes that were not committed by Plaintiff, Plaintiff has not successfully established a claim for ineffective assistance of counsel. To do so, Plaintiff must show that his counsel's conduct was objectively unreasonable and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Even if Plaintiff's counsel at the sentencing hearing was under a duty to bring the errors to the court's attention, counsel's failure to discover the errors in the state pre-sentence investigation

did not fall below an objective standard of reasonableness. As the Magistrate Judge found:

> It is . . . hard to fault counsel when the attorney for Petitioner in this case has explained in a filing . . . that the PSI report in Bossier Parish is only made available for counsel to read in the judge's offices, sometimes only minutes before court, and no copy is available for the defendant to review for error.

[Record Document 29 at 7–8].

Likewise, Plaintiff cannot show that he was prejudiced by the judge's consideration of any inaccurate information. When reviewing a state court sentence, "the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been 'significantly less harsh' . . . ." *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88–89 (5th Cir.1993)). Given the serious nature of the crime with which he was charged and the absence of any mitigating factors, it is highly unlikely that Plaintiff would have received a shorter sentence had counsel objected to the inaccurate information in the presentence report. Therefore, Plaintiff's claim for ineffective assistance of counsel must fail.

Plaintiff appears to argue that the trial court's reliance upon inaccurate information in the sentencing process is an independent due process violation, but the precedent cited by Plaintiff does not support this claim. *Townsend v. Burke* does not stand for the proposition that a Court's consideration of inaccurate information when sentencing a defendant necessarily violates due process. 334 U.S. 736 (1948). Rather, the constitutional violation in *Townsend* was "the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct *by the services which counsel would provide*." *Id.* at 741 (emphasis added). Similarly, *United States v. Tucker* does not hold that a sentence violates due process when delivered after the trial judge considers inaccurate information; rather, it holds that resentencing is required whenever a sentence is based upon prior convictions that were

3

unconstitutionally obtained. 404 U.S. 443 (1972).

Plaintiff has referenced cases that appear to hold that sentencing a defendant on the basis of partially inaccurate information violates due process. *See, e.g., United States v. Aguero-Segovia*, 622 F.2d 131, 132 (5th Cir. 1980) (citing *United States. v. Hodges*, 556 F.2d 366, 369 (5th Cir. 1977)) ("A defendant has the right not to be sentenced on the basis of invalid information and he must be given the opportunity to rebut information explicitly relied upon by the sentencing judge."). However, Plaintiff has cited to no cases (and this court has located none) that hold that a federal habeas court may overturn a state court's sentence that was based on faulty information unless there is another constitutional violation such as ineffective assistance of counsel. Because the Court has already determined that there was no ineffective assistance of counsel, Plaintiff's claim that the sentencing procedure violated due process cannot prevail.

Finally, Plaintiff's sentence is not excessive under the Eighth Amendment. As the Magistrate Judge indicated in his Report and Recommendation:

> Petitioner in this case put a pistol to a woman's head and fired it. It is miraculous that she survived. His mere 20-year sentence for such a horrific crime, that would have netted a natural life sentence if the victim had died, does not come close to offending the Constitution even if Petitioner had a clean criminal history before that day.

[Record Document 29 at 9].

In light of the foregoing, Plaintiff's "request for relief from judgment" [Record Document 38] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ____ day of October, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

4